UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DUNYASHA YETTS | ) | Case No.  5:18-cv-01115-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | **DEFENDANT U.S. WELL SERVICES,** |
| | ) | **LLC'S RESPONSES TO PLAINTIFF'S** |
| U.S. WELL SERVICES, LLC, *et al.* | ) | **FIRST SET OF INTERROGATORIES** |
| | ) | |
| Defendants. | ) | |

Defendant, U.S. Well Services, LLC ("USWS"), by and through its undersigned counsel, and pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, hereby provides responses to Plaintiff Dunyasha Yetts' First Set of Interrogatories and Requests for Production of Documents directed to USWS ("Discovery Requests") as follows:

**INTRODUCTORY NOTES**

1.     These answers and responses may be supplemented in the future and represent the most recent and accurate information available to USWS at this stage in the discovery of this matter.

2.     USWS has made reasonable efforts to locate and provide relevant and discoverable information as requested (subject to the comments, objections and limitations set forth herein and previously), and reserves the right to supplement its answers and responses should additional relevant and discoverable documents and information be located or ascertained in the future.

**Ex. 1**

3.      USWS's responses to the Discovery Requests are made subject to a Stipulated Protective Order entered into and filed by the parties on January 3, 2019, which is awaiting approval by the Court.  USWS reserves the right to designate any written response or document produced as "Confidential – Subject to Protective Order" and/or "Attorneys Eyes Only" and as further set forth in the Stipulated Protective Order.

## **GENERAL OBJECTIONS**

1.      USWS objects to the Discovery Requests as inconsistent with Federal Rules of Civil Procedure 26 and not warranted by existing law or by a frivolous argument for extending, modifying, or reversing existing law, or for establishing new law under Fed. R. Civ. P. 26(g)(B)(i)-(iii).

2.      USWS objects to the Discovery Requests--including but not limited to 138 Requests for Admissions direct to USWS--as interposed for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation under Fed. R. Civ. P. 26(g)(B)(i)-(iii).

3.      USWS objects to the Discovery Requests as unreasonable and unduly burdensome or expensive considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action under Fed. R. Civ. P. 26(g)(B)(i)-(iii).

4.      USWS objects to these Requests because they are outside the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1).  The Requests as a whole are not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

2

# Ex. 1

information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Analysis of these factors demonstrate that the Requests are beyond the reasonable scope of permitted discovery.

5.     USWS objects to any instructions and/or definitions included in Plaintiff's First Set of Interrogatories, Requests for Admissions, and Request for Production of Documents (collectively "the Discovery Requests") to the extent said instructions or definitions impose any obligations greater than those allowed in the Federal Rules of Civil Procedure.

6.     USWS's responses are made subject to, and without waiver of, USWS's rights to: (a) contest the admissibility of any evidence disclosed herein or in any other response to any request of any party for discovery; (b) object to any other request of any party for discovery which may or may not be related to the immediate discovery requests; and (c) seek additional protective orders pursuant to Fed. R. Civ. P. 26(c) and/or seek relief under the Stipulated Protective Order governing discovery in this case.

7.     If any document is inadvertently produced or information inadvertently disclosed in connection with an answer or response to any request of any party for discovery, USWS does not waive the protection of the relevant privilege or other basis for protecting such documentation or information from discovery, and USWS may seek the return or suppression of such documentation or information without prejudice in accordance with the Stipulated Protective Order governing discovery in this case.

**Ex. 1**

8.      USWS objects to the scope of the discovery requests as otherwise limited by court order pursuant to Fed. R. Civ. P. 26(b)(1)-(2).   Moreover, Plaintiff's Discovery Requests are not conducted according to limitations established at the Case Management Conference and confirmed in the Case Management Plan, and Plaintiff has no authority to modify the limitations placed on discovery by Court order pursuant to Local Rule 26.1.

9.      USWS objects to the Discovery Requests as beyond the scope of discovery as the request for information, including but not limited to Electronically Stored Information ("ESI") is not reasonably accessible because of undue burden or cost under Fed. R. Civ. P. 26(b)(1)-(2).

10.      USWS objects to the Discovery Requests to the extent they seek the discovery of any documentation or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

11.      USWS objects to the Discovery Requests to the extent they seek the discovery of any documentation or information which is not reasonably calculated to lead to the discovery of admissible evidence or which is otherwise outside the scope of discovery as defined in Fed. R. Civ. P. 26.

12.      USWS objects to the Discovery Requests to the extent they are unreasonably cumulative, duplicative, or otherwise seek the discovery of any documentation or information which has already been discovered either prior to or during this action.

13.      USWS objects to the Discovery Requests insofar as they seek supplementation in any fashion not required by Fed. R. Civ. P. 26(e).

**Ex. 1**

14.    USWS objects to the Discovery Requests--including any requests related to personal information, race, gender, or disability of individuals employed by USWS who are not similarly situated to Plaintiff with respect to performance, qualifications, conduct, or common supervisor; or who were not employed during similar time periods as Plaintiff; or who are not decision-makers relative to Plaintiff's employment or discharge--as irrelevant and not applicable to the facts and contentions of this particular case.

15.    Nothing contained in USWS's responses herein is to be construed as an admission by USWS of the truth or accuracy of any characterization contained in the questions.

16.    The word usage and sentence structure of USWS's  responses and objections herein are that of the attorneys assisting in the preparation of these responses and objections and do not purport to be the precise language of the executing party or any individual employed by the USWS.

17.    USWS objects to the Interrogatories and/or Requests for Admission to the extent they seek to elicit detailed explanations and descriptions bearing on certain areas of the dispute between the parties.  Although they may involve proper areas of discovery, the Interrogatories and/or Requests for Admission, the answers to which include reference to this General Objection, seek to obtain discovery beyond the limit of acceptable use of an Interrogatory and/or Requests for Admission.

18.    USWS objects to the Interrogatories and/or Requests for Admission to the extent they are directed at a party or entity other than USWS.

**Ex. 1**

19.     Discovery is ongoing in this matter.  At this time, no depositions have been taken in connection with this case.  As such, USWS specifically reserves the right to supplement its answers and responses herein as this case develops.

20.     In answering and responding to these discovery requests, USWS neither waives the foregoing objections, nor the specific objections that are set forth in the answers and responses to particular Requests for Production below.  USWS does not waive any objection by the inadvertent disclosure of requested information or documentation.

21.     By making these answers and responses herein, USWS does not concede that the information requested is relevant to or admissible in this action or that the discovery is reasonably calculated to lead to the discovery of admissible evidence. USWS expressly reserves the right to object to further discovery into the subject matter of these Discovery Requests, as well as to the introduction into evidence of any answers and/or responses below should further investigation disclose additional or different information rendering such answers and/or responses incomplete or inaccurate.

Without waiving its objections, and in an attempt to facilitate discovery, USWS responds to the Discovery Requests as follows:

## INTERROGATORIES

1.     Identify all persons who supplied information for your Answers to these Interrogatories on behalf of USWS.  If more than one person supplied information, state the precise Interrogatories and/or subparts for which each person supplied information.

**ANSWER:**
**In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Interrogatory to the extent it requests information protected by the work product or attorney-client privileges.  Subject to these objections, USWS**

**Ex. 1**

responds generally that the following individuals assisted with these Answers based on additional information learned from others:

| | |
|---|---|
| Dean Fullerton, SPHR, CCP | *As to objections and response form:* |
| VP of Human Resources | |
| US Well Services | Piero P. Cozza, Esq. |
| 770 S. Post Oak Lane, Suite 405 | Dickie, McCamey & Chilcote, P.C. |
| Houston, TX 77056 | 401 Market Street, Suite 401 |
| 832-562-3730 | Steubenville, OH 43952 |
| | 740-284-1682 |
| Sarah E. Sopko, | |
| Regional HR Manager | Kristin Wedell, Esq. |
| U.S. Well Services, LLC | Dickie, McCamey & Chilcote, P.C. |
| 159 North Wardell St. | 600 Superior Avenue East |
| Uhrichsville, OH  44683 | Fifth Third Center, Suite 2330 |
| 740-673-3021 | Cleveland, OH  44114 |
| | 216-685-1827 |
| Ladonna Wiggins | |
| Human Resources Manager | Stephen H. Lee, Esq. |
| 770 S Post Oak Lane, Suite 405 | Susan E. Cates, Esq. |
| Houston, TX 77056 | Dickie, McCamey & Chilcote, P.C. |
| 832-562-3730 | Porter Hedges, LLP |
| | 1000 Main Street, 36th Floor |
| | Houston, TX  77002 |
| | 713-226-6709 |

2.      Identify each witness whom USWS expects to call to testify at trial, state the subject matter on which each such witness is expected to testify, and state whether each will be testifying as a lay or expert witness.

**ANSWER:      In addition to the General Objections and Introductory Notes set forth above, USWS objects that this Interrogatory seeks information protected by the attorney-client and work product privilege.  Subject to these objections, USWS will comply with any Court orders regarding the disclosure of any witnesses that will testify at trial.**

3.      Identify each and every individual known to USWS, its agents, independent contractors, employees, and/or attorneys who has knowledge or information pertaining to the facts and/or allegations set forth in the Complaint and/or Answer filed in this case, and for each such individual, describe his/her knowledge, and state whether it is personal knowledge.

**ANSWER:      In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Interrogatory as overly broad.  Specifically, USWS objects to this Interrogatory to the extent it seeks confidential information concerning**

# Ex. 1

non-parties. Subject to and without waiving the foregoing objections, the following table sets forth the contact information for the individuals identified by USWS:

| Name | Contact Information |
|---|---|
| Sarah E. Sopko | Regional HR Manager<br>U.S. Well Services, LLC<br>159 North Wardell St.<br>Uhrichsville, OH  44683<br>740-673-3021 |
| Dean Fullerton, SPHR, CCP | VP of Human Resources<br>US Well Services<br>770 S. Post Oak Lane, Suite 405<br>Houston, TX 77056<br>832-562-3730 |
| Ladonna Wiggins | Human Resources Manager<br>U.S. Well Services, LLC<br>770 S Post Oak Lane, Suite 405<br>Houston, TX 77056.<br>832-562-3730 |
| Justin Seaman | U.S. Well Services, LLC<br>159 North Wardell St.<br>Uhrichsville, OH  44683<br>740-673-302 |
| Mitch Smith | U.S. Well Services, LLC<br>159 North Wardell St.<br>Uhrichsville, OH  44683<br>740-673-302 |
| Brett Biggs | U.S. Well Services, LLC<br>159 North Wardell St.<br>Uhrichsville, OH  44683<br>740-673-302 |
| Christopher Treadway | U.S. Well Services, LLC<br>159 North Wardell St.<br>Uhrichsville, OH  44683<br>740-673-302 |
| Cory Williams | U.S. Well Services, LLC<br>159 North Wardell St.<br>Uhrichsville, OH  44683<br>740-673-302 |

*See* also, USWS's responses to Initial Disclosures.  Other employees of USWS may be named in documents produced in Defendant's responses to Plaintiff's Request for Production of Documents that are not mentioned above.

# Ex. 1

4.     Identify each individual whom USWS has contacted regarding the claims and/or defenses in this case, and for each such individual, identify the individual who initiated the contact, state the date and manner of each communication, and state whether each individual contacted provided a written statement, a verbal statement, or no statement.

**ANSWER:     Objection.  This Interrogatory is vague in that the term "whom USWS has contacted regarding the claims and/or defenses in this case" is not defined in the Discovery Requests and specific as to time frame.  In addition, USWS objects to this Interrogatory to the extent it seeks the discovery of any documentation or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Without waiving said objections, in terms of any contact made regarding the claims and/or defenses in this case after the filing of the Plaintiff's Complaint,** *see* **Response to Interrogatory No. 1 and USWS's responses to Initial Disclosures.**

5.     Identify (pursuant to the definition of "identify" in paragraph 9 of the General Instructions) all current and former employees of USWS in its Northeast Region who have commenced an administrative action (including, but not limited to, filing a Charge with the Civil Rights Commission and/or the Equal Employment Opportunity Commission) or court action against Defendants between January 1, 2013 and January 1, 2018, alleging race, disability, and/or gender-based discrimination, harassment, and/or retaliation, together with the name of each administrative agency or court in which the matter was filed or pursued, the identifying charge or case number, and a brief description of the nature of the action and its outcome.

**ANSWER:     Objection. This Interrogatory is unduly burdensome, overly broad in time and scope, oppressive, and harassing because it is not limited to those individuals similarly situated to Plaintiff or that have similar claims to Plaintiff, in addition to other reasons.  USWS further objects that this Interrogatory seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case because there is no relevant connection between the allegations in the lawsuit and the information requested in the Interrogatory.**

6.     Identify (pursuant to the definition of "identify" in paragraph 9 of the General Instructions) any and all USWS employees and former employees who expressed any type of concern(s) and/or complaint(s) to USWS regarding race, disability, and/or gender-based discrimination, harassment, and/or retaliation, at any and all times between January 1, 2013 and January 1, 2018, and for all such individual, identify the specific concern(s) and/or complaint(s) they reported; when, how, and to whom they reported their concern(s) and/or complaint(s); their current employment status and the reason(s) for the departure of those individuals who are  no longer employed by USWS; and what, if anything, was done to address their concern(s) and/or complaint(s).

**ANSWER:     Objection.** *See* **response and objections to Interrogatory No. 5 above.**

**Ex. 1**

7.      Identify (pursuant to the definition of "identify" in paragraph 9 of the General Instructions) each and every current and/or former employee of USWS who is and/or was supervised, directly and/or indirectly, by Sean Carlson, Chris Treadway, Brett Briggs, and/or Corey Williams at any and all times between January 1, 2014 and January 1, 2018, and state:  the position(s) they held and dates they held each position; the fleet(s) to which they were assigned and the dates on which they were assigned to each fleet; and the reason for the departure of those who are no longer employed by USWS.

**ANSWER:      In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this request on the basis that this request is vague, overbroad as to time and scope, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of this case.  Moreover, USWS has hundreds of employees throughout the country and employees, including Plaintiff, often work for more than one fleet or crew and hold more than one job title during their employment with USWS.  As a result, a detailed review of employment, payroll, and operating records would need to be analyzed in order to respond to this Interrogatory, which are not material to the allegations in the lawsuit. Without waiving said objections,** *see* **Responses to Request for Admissions No. 26, 27, and 71.**

8.      Identify (pursuant to the definition of "identify" in paragraph 9 of the General Instructions) each and every current and/or former Crew Chief and Service Supervisor for USWS who worked on fleets at fracking sites located in the Uhrichsville District and/or Jane Lew District at any and all times between January 1, 2014 and January 1, 2018, and state: the position(s) they held and dates they held each position; the fleet(s) to which they were assigned and the dates on which they were assigned to each fleet; and the reason for the departure of those who are no longer employed by USWS.

**ANSWER:      In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad as to time and scope, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of this case.  Moreover, USWS has hundreds of employees throughout the country and employees, including Plaintiff, often work for more than one fleet or crew and hold more than one job title during their employment with USWS.  As a result, a detailed review of employment, payroll, and operating records would need to be analyzed in order to respond to this Interrogatory, which are not material to the allegations in the lawsuit.**

9.      Identify all Crew Chief and Service Supervisor position openings in the Uhrichsville District and/or Jane Lew District at any and all times between April 1, 2015 and January 1, 2017, and state the specific date on which each such position was posted and/or became open.

**ANSWER:      In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad as to time and scope, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of this case.  Without waiving**

**Ex. 1**

said objections, USWS does not maintain a single database that tracks position openings and placements for all employees in the Uhrichsville and/or Jane Lew District.  USWS has hundreds of employees and cannot readily ascertain all of the specific information requested in these duplicative, overly broad requests about position openings without review of numerous documents kept in various databases and places and interviews with USWS's employees.

10.    For each Crew Chief and Service Supervisor positions identified in your response to Interrogatory 9 that was not offered to Plaintiff, state the specific reason(s) for USWS's decision not to offer each such position to Plaintiff, and identify each and every person involved in the decision not to offer each such position to Plaintiff.

ANSWER:    *See* response and objections to Interrogatory No. 9.  In addition, this Interrogatory assumes: (1) that there were position openings in the Uhrichsville District and/or Jane Lew District between April 1, 2015 and January 1, 2017; (2) that Plaintiff was qualified for each and every position openings in the Uhrichsville District and/or Jane Lew District between April 1, 2015 and January 1, 2017; and (3) that Plaintiff applied for each and every position openings in the Uhrichsville District and/or Jane Lew District between April 1, 2015 and January 1, 2017.

11.    Identify (pursuant to the definition of "identify" in paragraph 9 of the General Instructions) all individuals who were offered the position of Crew Chief on a Uhrichsville District fleet at any and all times between January 1, 2015 and January 1, 2017, and for each such individual, state the specific date on which they were offered the Crew Chief position, and whether they accepted the Crew Chief position.

ANSWER:    *See* response and objections to Interrogatory No. 9.

12.    Identify (pursuant to the definition of "identify" in paragraph 9 of the General Instructions) all individuals who were offered the position of Service Supervisor on a Uhrichsville District fleet at any and all times between January 1, 2015 and January 1, 2017, and for each such individual, state the specific date on which they were offered the Service Supervisor position, and whether they accepted the Service Supervisor position.

ANSWER:    *See* response and objections to Interrogatory No. 9.

13.    For each individual identified in Interrogatories 11 and 12, identify each and every person involved in the decision to offer them the position of Crew Chief and/or Service Supervisor, and describe the manner in which each person participated in the decision making process.

ANSWER:    *See* response and objections to Interrogatory No. 9.

14.    Identify each and every person involved in the decision to terminate Plaintiff on approximately August 3, 2016, and describe the manner in which each person participated in the decision-making process.

**Ex. 1**

**ANSWER:** **Dean Fullerton, Brett Biggs, Chris Treadway and Sarah Sopko.** *See* **also Responses to Request for Admissions Nos. 97, 100, 109, 110,**

15. State the specific reason(s) for USWS's decision to terminate Plaintiff on approximately August 3, 2016, including any and all policies USWS claims he violated, and any and all performance standards USWS claims he failed to meet.

**ANSWER:** **USWS objects that this Interrogatory calls for a narrative more appropriate for deposition testimony. Subject to this objection, USWS generally responds that Plaintiff was terminated for not completing a proper DOT pre-trip inspection prior to driving a commercial vehicle, which resulted in an accident violating federal regulations in regard to ODOT standards and USWS's policies.** *See* **also USWS's Answer and documents produced or to be produced by USWS, including company polices.**

16. Identify (pursuant to the definition of "identify" in paragraph 9 of the General Instructions) all current and former employees of USWS who, between January 1, 2015 and January 1, 2018, were demoted, terminated, and/or disciplined by USWS for the same and/or similar reason(s) Plaintiff was terminated.

**ANSWER:** **In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad in scope, time, and geographic scope, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of this case. Without waiving said objections, USWS has hundreds of employees and cannot readily ascertain all of the specific information requested in these duplicative, overly broad requests without review of numerous documents kept in various databases and places and interviews with USWS's employees.**

17. Identify (pursuant to the definition of "identify" in paragraph 9 of the General Instructions) the individual(s) who filled the position of fleet 8 Crew Chief after Plaintiff's termination. If more than one person filled the position, identify all such individuals and the specific date(s) each person filled the position.

**ANSWER:** **In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad in scope, time, and geographic scope, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of this case. Without waiving said objections, Cory Williams was demoted to Crew Chief and filled the position after Mr. Yetts' termination.**

18. If USWS provided discrimination, harassment, and/or retaliation related training to USWS employees between January 1, 2015 and January 1, 2018, state the date(s) on which USWS provided such training, identify the individual(s) who conducted each such training, and identify all employees who attended each such training.

**Ex. 1**

**ANSWER: USWS did not provide specific discrimination, harassment, and/or retaliation related training to USWS employees; however, this type of training was provided during employee orientation by the Human Resources Administrator and also via various USWS policies.**

19. Identify and provide a specific description of all electronic databases and/or information-management systems maintained by USWS between January 1, 2015 and the present that maintain and/or store employee personnel files, discipline-related documents, performance reviews, emails, and other communications by and/or between USWS employee.

**ANSWER: USWS maintains employee personnel files electronically on USWS servers in either PDF, Word and/or Excel format. Payroll and/or transactional activity was managed through Automatic Data Processing ("ADP") at the time of Yetts' employment.**

20. Identify the individual(s) most knowledgeable about the databases and/or information-management systems identified in Answer to Interrogatory No. 19 above.

**ANSWER: Ladonna Wiggins, Human Resources Supervisor. See response to Interrogatory No. 1 for Ms. Wiggins' contact information.**

21. If USWS responded to any Request for Admission with anything other than an unqualified admission, state the basis for any denial or qualification and the facts supporting it, and identify each person with knowledge of and each document related or referring to such facts. In responding to this Interrogatory, set forth a complete and detailed exposition of what you contend to be a true statement of fact regarding the subject matter of each such denied or qualified Request for Admission.

**ANSWER: USWS objects that this Interrogatory is overly broad, unduly burdensome, seeks information that is privileged or not relevant to the claims or defenses of any party, and is further not proportional to the needs of the case. See USWS's responses to Requests for Admissions served via electronic mail on January 21, 2019 and regular U.S. mail on January 22, 2019.**

AS TO ALL OBJECTIONS:

Piero P. Cozza

**Ex. 1**

Respectfully Submitted,

Piero P. Cozza (#0072419)
Dickie, McCamey & Chilcote, P.C.
401 Market Street, Suite 401
Steubenville, Ohio 43952
Telephone:  740-284-1682
Facsimile:  888-811-7144
pcozza@dmclaw.com

Kristin L. Wedell, Esq. (#0072500)
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, OH  44114
Telephone:  216-685-1827
Facsimile:  888-811-7144
E-mail:  kwedell@dmclaw.com

Stephen H. Lee, Esq.
Susan E. Cates, Esq.
PORTER HEDGES, LLP
1000 Main Street, 36th Floor
Houston, TX  77002
Telephone:  (713) 226-6709
E-mail:  slee@porterhedges.com
E-mail:  scates@porterhedges.com
(Admitted Pro Hac Vice)

*Attorneys for Defendant*
*U.S. Well Services, LLC*

**Ex. 1**

STATE OF TEXAS      )
                    )        SS:     VERIFICATION
COUNTY OF HARRIS )


    BEFORE ME, the undersigned Notary Public, on this day personally appeared Dean Fullerton, Vice President of Human Resources for U.S. Well Services, LLC, who, after being duly sworn, stated under oath that he has read Defendant U.S. Well Services, LLC's Responses to Plaintiff's First Set of Interrogatories attached hereto; that said answers were prepared with the advice and assistance of counsel and other U.S. Well Services, LLC employees; that said answers are necessarily limited by the records and information presently discovered and available at this time; that consequently, he reserves the right to change the answers if it appears at any time that omissions or errors have been made therein, or that more accurate information is available; that he does not verify legal contentions or arguments or objections; and that subject to the limitations set forth herein, the factual allegations contained in the answers are within his personal knowledge and are true and correct.

_____
Dean Fullerton

    SWORN TO BEFORE ME and subscribed in my presence on this 8th day of February, 2019.

_____
Notary Public

DEIDRE MEREDITH HICKS
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
AUG. 15, 2019


**Ex. 1**