UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DUNYASHA YETTS | ) | Case No.  5:18-cv-01115-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | **DEFENDANT U.S. WELL SERVICES,** |
| | ) | **LLC'S RESPONSES TO PLAINTIFF'S** |
| U.S. WELL SERVICES, LLC, *et al.* | ) | **REQUESTS FOR PRODUCTION OF** |
| | ) | **DOCUMENTS** |
| Defendants. | ) | |
| | ) | |

Defendant, U.S. Well Services, LLC ("USWS"), by and through its undersigned counsel, and pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, hereby provides responses to Plaintiff Dunyasha Yetts' First Set of Interrogatories and Requests for Production of Documents directed to USWS ("Discovery Requests") as follows:

## INTRODUCTORY NOTES

1.     These answers and responses may be supplemented in the future and represent the most recent and accurate information available to USWS at this stage in the discovery of this matter.

2.     USWS has made reasonable efforts to locate and provide relevant and discoverable information as requested (subject to the comments, objections and limitations set forth herein and previously), and reserves the right to supplement its answers and responses should additional relevant and discoverable documents and information be located or ascertained in the future.

# Ex. 2

3.    USWS's responses to the Discovery Requests are made subject to a Stipulated Protective Order entered into and filed by the parties on January 3, 2019.  USWS reserves the right to designate any written response or document produced as "Confidential – Subject to Protective Order" and/or "Attorneys Eyes Only" and as further set forth in the Stipulated Protective Order.

## **GENERAL OBJECTIONS**

1.    USWS objects to the Discovery Requests as inconsistent with Federal Rules of Civil Procedure 26 and not warranted by existing law or by a frivolous argument for extending, modifying, or reversing existing law, or for establishing new law under Fed. R. Civ. P. 26(g)(B)(i)-(iii).

2.    USWS objects to the Discovery Requests as interposed for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation under Fed. R. Civ. P. 26(g)(B)(i)-(iii).

3.    USWS objects to the Discovery Requests as unreasonable and unduly burdensome or expensive considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action under Fed. R. Civ. P. 26(g)(B)(i)-(iii).

4.    USWS objects to these Requests because they is outside the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1).  The Requests as a whole are not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and

2

# Ex. 2

whether the burden or expense of the proposed discovery outweighs its likely benefit. Analysis of these factors demonstrate that the Requests are beyond the reasonable scope of permitted discovery.

5.      USWS objects to any instructions and/or definitions included in Plaintiff's the Discovery Requests to the extent said instructions or definitions impose any obligations greater than those allowed in the Federal Rules of Civil Procedure.

6.      USWS's responses are made subject to, and without waiver of, USWS's rights to: (a) contest the admissibility of any evidence disclosed herein or in any other response to any request of any party for discovery; (b) object to any other request of any party for discovery which may or may not be related to the immediate discovery requests; and (c) seek additional protective orders pursuant to Fed. R. Civ. P. 26(c) and/or seek relief under the Stipulated Protective Order governing discovery in this case.

7.      If any document is inadvertently produced or information inadvertently disclosed in connection with an answer or response to any request of any party for discovery, USWS does not waive the protection of the relevant privilege or other basis for protecting such documentation or information from discovery, and USWS may seek the return or suppression of such documentation or information without prejudice in accordance with the Stipulated Protective Order governing discovery in this case.

8.      USWS objects to the scope of the discovery requests as otherwise limited by court order pursuant to Fed. R. Civ. P. 26(b)(1)-(2).  Moreover, Plaintiff's Discovery Requests are not conducted according to limitations established at the Case Management

**Ex. 2**

Conference and confirmed in the Case Management Plan, and Plaintiff has no authority to modify the limitations placed on discovery by Court order pursuant to Local Rule 26.1.

9.      USWS objects to the Discovery Requests as beyond the scope of discovery as the request for information, including but not limited to Electronically Stored Information ("ESI") is not reasonably accessible because of undue burden or cost under Fed. R. Civ. P. 26(b)(1)-(2).

10.     USWS objects to the Discovery Requests to the extent they seek the discovery of any documentation or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

11.     USWS objects to the Discovery Requests to the extent they seek the discovery of any documentation or information which is not reasonably calculated to lead to the discovery of admissible evidence or which is otherwise outside the scope of discovery as defined in Fed. R. Civ. P. 26.

12.     USWS objects to the Discovery Requests to the extent they are unreasonably cumulative, duplicative, or otherwise seek the discovery of any documentation or information which has already been discovered either prior to or during this action.

13.     USWS objects to the Discovery Requests insofar as they seek supplementation in any fashion not required by Fed. R. Civ. P. 26(e).

14.     USWS objects to the Discovery Requests--including any requests related to personal information, race, gender, or disability of individuals employed by USWS who are not similarly situated to Plaintiff with respect to performance, qualifications, conduct, or

4

**Ex. 2**

common supervisor; or who were not employed during similar time periods as Plaintiff; or who are not decision-makers relative to Plaintiff's employment or discharge--as irrelevant and not applicable to the facts and contentions of this particular case.

15. Nothing contained in USWS's responses herein is to be construed as an admission by USWS of the truth or accuracy of any characterization contained in the questions.

16. The word usage and sentence structure of USWS's responses and objections herein are that of the attorneys assisting in the preparation of these responses and objections and do not purport to be the precise language of the executing party or any individual employed by the USWS.

17. USWS objects to the Discovery Requests to the extent they are directed at a party or entity other than USWS.

18. Discovery is ongoing in this matter. At this time, no depositions have been taken in connection with this case. As such, USWS specifically reserves the right to supplement its answers and responses herein as this case develops.

19. In answering and responding to these discovery requests, USWS neither waives the foregoing objections, nor the specific objections that are set forth in the answers and responses to particular Requests for Production below. USWS does not waive any objection by the inadvertent disclosure of requested information or documentation.

20. By making these answers and responses herein, USWS does not concede that the information or documents requested are relevant to or admissible in this action or that

# Ex. 2

the discovery is reasonably calculated to lead to the discovery of admissible evidence. USWS expressly reserves the right to object to further discovery into the subject matter of these Discovery Requests, as well as to the introduction into evidence of any answers and/or responses below should further investigation disclose additional or different information rendering such answers and/or responses incomplete or inaccurate.

Without waiving its objections, and in an attempt to facilitate discovery, USWS responds to the Discovery Requests as follows:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All employment-related documents (excluding medical information, social security numbers, and other statutorily protected information), including but not limited to, personnel files, investigation files, salary and payroll records, bonus records, bonus plans, benefits records, benefits plans, performance objectives, performance evaluations, discipline-related documents, W-2s, 1099s, pay-stubs, commendations, employment contracts, position descriptions and job duties, fleet assignments, Personnel Action Forms, Incident Reports, complaints, and all documents pertaining to transfer, promotion, demotion, and/or termination for:  Plaintiff, Sean Carlson, Chris Treadway, Brett Briggs, Sarah Herman, Corey Williams, Connie Mesko, the individual(s) who participated in the decision not to promote Plaintiff to Crew Chief or Supervisor in 2015, the individual(s) who participated in the decision not to promote Plaintiff to Supervisor in 2016, and the individual(s) who participated in the decision to terminate Plaintiff.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad in scope and time, unduly burdensome, and seeking documents that are neither relevant to the parties' claims or defenses nor proportional to the needs of this case.  Additionally, USWS objects to this to the extent it seeks confidential information concerning non-parties. Without waiving said objections, please see personnel file of Plaintiff.**

2.    All employment-related documents (excluding medical information, social security numbers, and other statutorily protected information), including but not limited to, personnel files, investigation files, salary and payroll records, bonus records, bonus plans, benefits records, benefits plans, performance objectives, performance evaluations, discipline-related documents, W-2s, 1099s, pay-stubs, commendations, employment contracts, position descriptions and job duties, fleet assignments, Personnel Action Forms, Incident Reports, complaints, and all documents pertaining to transfer, promotion, demotion, and/or termination for Brandon Walker, Tory Gibbs, Derrick Johnson, Corey

**Ex. 2**

Cutright, Brad Bauer, Brian Pettigrew, Thomas Traver, Brian Holbrook, Chris Deal, Elmer Martin, Kyle Hittle, Robert McQuinn, Justin Seaman, Mitch Smith, Dave Foust, Brian McPeck, Brandon Brown, Steven Self, Charlie Treadway, all individuals identified in USWS's answers to Plaintiff's Interrogatories 11 and 12 who are not otherwise specifically identified in this Request, and all individuals who are and/or were employed with USWS as an Equipment Operator, Crew Chief, and/or Service Supervisor for a Uhrichsville District fleet between January 1, 2014 and January 1, 2018  who are not otherwise specifically identified in this Request.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad in scope and time, unduly burdensome, and seeking documents that are neither relevant to the parties' claims or defenses nor proportional to the needs of this case.  Additionally, USWS objects to this to the extent it seeks confidential information concerning non-parties.**

3.      All documents, including but not limited to, charts, maps, reports, and spreadsheets, reflecting the geographical locations of the fracking sites to which each USWS fleet in the Marcellus and Utica shale regions are and/or were assigned at any and all times between January 1, 2015 and January 1, 2017.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad in scope and time, unduly burdensome, and seeking documents that are neither relevant to the parties' claims or defenses nor proportional to the needs of this case.   Moreover, while Defendant likely has voluminous documents reflecting charts, maps, reports, and spreadsheets, generally for the geographical locations of the fracking sites in the Marcellus and Utica shale regions, which would be irrelevant to Plaintiff's claims or defenses; Defendant is not aware of a specific subset of documents that could be produced that would show each USWS fleet in the Marcellus and Utica shale regions that are and/or were assigned at any and all times between January 1, 2015 and January 1, 2017. Without waiving said objections, Defendant will supplement should documents be discovered that are responsive to this request specific to fleets Plaintiff was on and during the time that Plaintiff was employed at USWS.**

4.      All advertisements and/or job postings pertaining to each and every open and/or newly created Crew Chief position in the Uhrichsville District at any and all times between January 1, 2015 and January 1, 2017.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad in scope and time, unduly burdensome, and seeking documents that are neither relevant to any party's claims or defenses nor proportional to the needs of this case.  Without waiving said objections, Defendant will supplement should documents be discovered that are responsive to this request between Plaintiff's date of hire and Plaintiff's promotion to Crew Chief (May 12, 2015 and July 17, 2016) in the Uhrichsville District. All other time periods are irrelevant.**

**Ex. 2**

5.      All advertisements and/or job postings pertaining to each and every open and/or newly created Service Supervisor position in the Jane Lew District at any and all times between January 1, 2015 and January 1, 2017.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad in scope and time, unduly burdensome, and seeking documents that are neither relevant to any party's claims or defenses nor proportional to the needs of this case both for the time frame between January 1, 2015 and January 1, 2017 and the location.    Based upon Plaintiff's complaint, Plaintiff was only assigned to the Jane Lew District on his first assignment (See Complaint, Para. 17).  According to the Complaint, Plaintiff only applied for position openings in Uhrichsville District (Id. at Para. 23), not Jane Lew, as Plaintiff wanted to be closer to home and his wife (Id. at Para.15).  By August 11, 2015, Plaintiff was working at a fracking site in Belmont County, Ohio (Id. at Para. 25).  Thus, this Request is irrelevant to Plaintiff's claims.**

6.      All position descriptions for all Crew Chief positions, including drafts and revisions, that exist and/or existed between January 1, 2014 and January 1, 2017.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad in scope, time, and geographic scope, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of this case. Without waiving said objections, Defendant will supplement should documents be discovered that are responsive to this request between Plaintiff's date of hire and Plaintiff's promotion to Crew Chief (May 12, 2015 and July 17, 2016) in the Uhrichsville District.  All other time periods and locations are irrelevant.  Any drafts and revisions that exist and/or existed are irrelevant.**

7.      All position descriptions for all Service Supervisor positions in the Uhrichsville District, including drafts and revisions, that exist and/or existed between January 1, 2014 and January 1, 2017.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad in scope, time, and geographic scope, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of this case. Without waiving said objections, Defendant will supplement should documents be discovered that are responsive to this request between Plaintiff's promotion to Crew Chief and Plaintiff's termination July 17, 2016 and August 4, 2016 in the Uhrichsville District.  All other time periods and any drafts and revisions are irrelevant.**

8

**Ex. 2**

8.    All position descriptions for all Service Supervisor positions in the Uhrichsville District, including drafts and revisions, that exist and/or existed between January 1, 2014 and January 1, 2017.

**RESPONSE:   See response to Request for Production No. 7.**

9.    All position descriptions for all District and Regional Manager positions in the Marcellus and Utica shale regions, including drafts and revisions, that exist and/or existed between January 1, 2014 and January 1, 2017.

**RESPONSE:   In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad in scope, time, and geographic location, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of this case. Moreover, this Request is vague in that the terms "Marcellus and Utica shale regions" are not defined in the Discovery Requests as to exact geographic location.  Without waiving said objections, Defendant will supplement should documents be discovered that are responsive to this request for position descriptions for any District and Regional Manager positions during Plaintiff's employment at USWS.  All other time periods are irrelevant.**

10.    All documents reflecting wage-rates and benefits for the positions of Equipment Operators, Crew Chief, and Service Supervisor at USWS.

**RESPONSE:   In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad in scope, time, and geographic location, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of this case. Without waiving said objections, Defendant is not aware of a specific subset of documents that could be produced that would reflect wage-rates and benefits for the positions of Equipment Operators, Crew Chief, and Service Supervisor at USWS company-wide as such information will vary depending upon location, seniority, and experience.  Further, Defendant will supplement should documents be discovered that are responsive to this request for wage-rates and benefits for the positions of Equipment Operators, Crew Chief, and Service Supervisor at Uhrichsville District between Plaintiff's date of hire and termination (May 12, 2015 to August 4, 2016).  In further response, the wage rates for the Uhrichsville District between Plaintiff's date of hire and termination (May 12, 2015 to August 4, 2016) are as follows:**

> **Senior Equipment Operator: $21.63/hr.**
> **Crew Chief:  $24.72/hr.**
> **Service Supervisor:  Salaried at $90,000.00 per year plus bonus eligible.**

**Ex. 2**

11.    Any and all personnel handbooks, policies and procedures, manuals, pamphlets, and memos regarding discrimination, harassment, and retaliation, including all drafts and revisions, that exist and/or existed between January 1, 2014 and January 1, 2017.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad in scope, time, and geographic location, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of this case. Without waiving said objections, please see personnel handbook provided to Plaintiff at the time of hire.**

12.    Any and all personnel handbooks, policies and procedures, manuals, pamphlets, and memos regarding work-related injuries, including all drafts and revisions, that exist and/or existed between January 1, 2014 and January 1, 2017.

**RESPONSES: Please see response to Request for Production No. 11.  Moreover, Defendant will supplement should documents be discovered that are responsive to this request for additional policies and procedures, manuals, pamphlets, and memos regarding work-related injuries during Plaintiff's period of employment at USWS.**

13.    All of USWS's handbooks, personnel manuals, training documents, policies, and procedures relating to performance, performance standards, discipline, hiring, and termination, including all drafts and revisions, that exist and/or existed between January 1, 2014 and January 1, 2017.

**RESPONSE:  Please see response to Request for Production No. 11. Moreover, Defendant will supplement should documents be discovered that are responsive to this request for additional manuals, training documents, policies, and procedures relating to performance, performance standards, discipline, hiring, and termination during Plaintiff's period of employment at USWS .**

14.    All pre-trip inspection documents, including but not limited to Job Safety Analysis and Driver Vehicle Inspection Report prepared, executed,  and/or submitted by and/or on behalf of any and all Equipment Operators, Engineers, Crew Chief's and/or Service Supervisors in the Uhrichsville District between January 1, 2014 and January 1, 2018.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Without waiving said objections, see documents produced. Defendant will supplement should documents be discovered that are responsive to this request related to pre-trip inspection documents, including but not limited to Job Safety Analysis and Driver Vehicle Inspection Report prepared, executed, and/or submitted by and/or on behalf of Plaintiff during his period of employment at USWS.**

10

**Ex. 2**

15. All Field Incident Reports for all incidents at USWS's fracking sites in the Uhrichsville District between January 1, 2014 and January 1, 2018.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Without waiving said objections, see documents produced.  Defendant will supplement should documents be discovered that are responsive to this request related to Field Incident Reports for similar incidents to Plaintiff's incident involving Equipment Operator IV or Crew Chiefs at USWS's fracking sites in the Uhrichsville District during Plaintiff's time of employment.**

16. Any and all correspondence, including hand-written, type-written, electronic, email (including the recipients who were carbon-copied and/or blind carbon-copied), and/or notes of oral correspondence, sent and/or received by Sean Carlson, Corey Williams, Chris Treadway, Brett Briggs, Sarah Herman, Justin Seaman, Mitch Smith, Connie Mesko, and/or James Dobra regarding and/or referring to Plaintiff between March 1, 2015 and January 1, 2017.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Moreover, USWS objects to the Discovery Requests to the extent that Plaintiff seeks the discovery of any documentation or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Moreover, Plaintiff was only employed at USWS from May 12, 2015 to August 4, 2016; thus all other time periods are irrelevant.  Without waiving said objections, please see documents produced.**

17. Any and all correspondence, including hand-written, type-written, electronic, email (including the recipients who were carbon-copied and/or blind carbon-copied), and/or notes of oral correspondence, between and/or among Plaintiff and Sarah Herman at any and all times between March 1, 2015 and January 1, 2017.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Moreover, Plaintiff was only employed at USWS from May 12, 2015 to August 4, 2016; thus all other time periods are irrelevant.  Without waiving said objections, see emails between Sarah Sopko and Plaintiff dated August 23, 2015, July 22, 2016 and August 21, 2015. Defendant will supplement should additional documents be discovered.**

**Ex. 2**

18.     Any and all correspondence, including hand-written, type-written, electronic, email (including the recipients who were carbon-copied and/or blind carbon-copied), and/or notes of oral correspondence, between and/or among Plaintiff and Chris Treadway at any and all times between March 1, 2015 and January 1, 2017.

**RESPONSE:   In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Moreover, Plaintiff was only employed at USWS from May 12, 2015 to August 4, 2016; thus all other time periods are irrelevant.  Without waiving said objections, none between  and/or among Plaintiff and Chris Treadway.**

19.     Any and all correspondence, including hand-written, type-written, electronic, email (including the recipients who were carbon-copied and/or blind carbon-copied), and/or notes of oral correspondence, between and/or among Plaintiff and Brett Briggs at any and all times between March 1, 2015 and January 1, 2017.

**RESPONSE:   In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Moreover, Plaintiff was only employed at USWS from May 12, 2015 to August 4, 2016; thus all other time periods are irrelevant.  Without waiving said objections, none between and/or among Plaintiff and Brett Biggs.**

20.     Any and all correspondence, including hand-written, type-written, electronic, email (including the recipients who were carbon-copied and/or blind carbon-copied), and/or notes of oral correspondence, between and/or among Plaintiff and Corey Williams at any and all times between March 1, 2015 and January 1, 2017.

**RESPONSE:   In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Moreover, Plaintiff was only employed at USWS from May 12, 2015 to August 4, 2016; thus all other time periods are irrelevant.  Without waiving said objections, please see documents produced.**

21.     Any and all correspondence, including hand-written, type-written, electronic, email (including the recipients who were carbon-copied and/or blind carbon-copied), and/or notes of oral correspondence, between and/or among Plaintiff and Sean Carlson at any and all times between March 1, 2015 and January 1, 2017.

**RESPONSE:   In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Moreover, Plaintiff was only employed at USWS from May 12, 2015 to August 4, 2016; thus all other time periods are irrelevant.  Without waiving said objections, none between and/or among Plaintiff and Sean Carlson**

**Ex. 2**

22.     Any and all correspondence, including hand-written, type-written, electronic, email (including the recipients who were carbon-copied and/or blind carbon-copied), and/or notes of oral correspondence, between and/or among Plaintiff and James Dobra at any and all times between March 1, 2015 and January 1, 2017.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Moreover, Plaintiff was only employed at USWS from May 12, 2015 to August 4, 2016; thus all other time periods are irrelevant.  Without waiving said objections, none between and/or among Plaintiff and James Dobra. Defendant will supplement should additional documents be discovered.**

23.     Any and all correspondence, including hand-written, type-written, electronic, email (including the recipients who were carbon-copied and/or blind carbon-copied), and/or notes of oral correspondence, between and/or among Plaintiff and Justin Seaman at any and all times between March 1, 2015 and January 1, 2017.

**RESPONSE: In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Moreover, Plaintiff was only employed at USWS from May 12, 2015 to August 4, 2016; thus all other time periods are irrelevant.  Without waiving said objections, none between and/or among Plaintiff and Justin Seaman. Defendant will supplement should additional documents be discovered.**

24.     Any and all correspondence, including hand-written, type-written, electronic, email (including the recipients who were carbon-copied and/or blind carbon-copied), and/or notes of oral correspondence, between and/or among Plaintiff and Mitch Smith at any and all times between March 1, 2015 and January 1, 2017.

**RESPONSE: In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Moreover, Plaintiff was only employed at USWS from May 12, 2015 to August 4, 2016; thus all other time periods are irrelevant.  Without waiving said objections, none between and/or among Plaintiff and Mitch Smith. Defendant will supplement should additional documents be discovered.**

**Ex. 2**

25.    All notes, records, reports, memoranda, correspondence, emails, investigative files, and/or other documents authored and/or maintained by USWS Human Resources Personnel, at all times between March 1, 2015 and January 1, 2017, regarding and/or referring to Plaintiff.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Without waiving said objections, please see documents produced.**

26.    All statements and notes of statements (including written and oral statements) taken, recorded, and/or given in connection with the one-truck accident Plaintiff was involved in on July 22, 2016.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  Without waiving said objections, please see Incident Report, which includes statements from Justin Seaman and Mitch Smith, as well as attached statements from Christopher Treadway, Brett Biggs and Cory Williams.  Defendant will supplement should additional documents be discovered.**

27.    All documents containing information and/or data regarding the race and/or disability status of USWS employees that exist and/or existed at any and all times between January 1, 2014 and January 1, 2018.

**RESPONSE:  Objection. Such a request is overly broad, unduly burdensome and oppressive because it is not limited to those individuals similarly situated to Plaintiff.  USWS further objects that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case.**

28.    All of USWS's DOT "Violation Summary Report[s]" that exist and/or existed at any and all times between January 1, 2014 and January 1, 2018.

**RESPONSE:  In addition to the General Objections and Introductory Notes set forth above, USWS objects to this Request as overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case. Additionally, USWS objects to this to the extent it seeks confidential information concerning non-parties. Without waiving said objections, please see documents produced pertaining to Plaintiff.**

**Ex. 2**

29.     For each individual identified in USWS' answer to Interrogatories 11 and 12 who was offered a Crew Chief and/or Service Supervisor position at any and all times between May 1, 2015 and August 31, 2016, produce all documents upon which USWS relied with making the decisions to offer them a Crew Chief and/or Service Supervisor position.

**RESPONSE: In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad as to time and scope, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of this case. Without waiving said objections, USWS does not maintain a single database that tracks position openings and placements for all employees. USWS has hundreds of employees and cannot readily ascertain all of the specific information requested in these duplicative, overly broad requests about position openings without review of numerous documents kept in various databases and places and interviews with USWS's employees. Moreover, as to Jane Lew District, based upon Plaintiff's complaint, Plaintiff was only assigned to the Jane Lew District on his first assignment (See Complaint, Para. 17). According to the Complaint, Plaintiff only applied for position openings in Uhrichsville District (Id. at Para. 23), not Jane Lew, as Plaintiff wanted to be closer to home and his wife (Id. at Para.15). By August 11, 2015, Plaintiff was working at a fracking site in Belmont County, Ohio (Id. at Para. 25). Thus, this Request is irrelevant to Plaintiff's claims. Without waiving said objections, please see documents produced.**

30.     All documents upon which USWS relied when making the decision to terminate Plaintiff.

**RESPONSE:  See Answer to Interrogatory Nos. 14-15 as well as documents produced related to Yett's termination.**

31.     All pre-trip inspection paperwork (including but not limited to Job Safety Analyses and Driver Vehicle Inspection Report) submitted and/or executed by Plaintiff during his employment with USWS.

**RESPONSE: See documents produced.    Defendant will supplement should documents be discovered that are responsive to this request.**

32.     All discrimination, harassment, and/or retaliation-related complaints made by and/or submitted by USWS employees in the Uhrichsville District at any and all times between January 1, 2014 and January 1, 2017.

**RESPONSE:  Objection. This Request is unduly burdensome and oppressive because it is not limited to those individuals similarly situated to Plaintiff. USWS further objects that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Without waiving said objections, please see documents produced. Defendant will supplement should documents be discovered that are responsive to this request specific to the Uhrichsville District during the time that Plaintiff was employed at USWS.**

**Ex. 2**

33.    All complaints regarding Sean Carlson made by and/or submitted by USWS employees at any and all times between January 1, 2014 and January 1, 2017.

**RESPONSE:  Objection. This Request is unduly burdensome and oppressive because it is not limited to those individuals similarly situated to Plaintiff.  USWS further objects that this Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case.  Without waiving said objections, see Plaintiff's written complaint submitted to Sarah (Herman) Sopko dated August 18, 2015.**

34.    If USWS claims it investigated any of Plaintiff's concerns and/or complaints about harassment by Sean Carlson, produce all documents pertaining to said investigation(s).

**RESPONSE:  Objection.  USWS objects to the Discovery Requests to the extent they seek the discovery of any documentation or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Without waiving said objections, Defendant will supplement should documents be discovered that are responsive to this request.**

35.    All of USWS's document retention policies and procedures, and all revisions thereto, that exist and/or existed at any and all times between January 1, 2014 and the present.

**RESPONSE:  Objection.  In addition to the General Objections and Introductory Notes set forth above, USWS also objects to this Interrogatory on the basis that this request is vague, overbroad in scope, time, and geographic scope, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of this case.  Without waiving said objections, please see documents produced.**

36.    All transcripts of all depositions taken by USWS over the course of discovery in the action.

**RESPONSE:   N/A.  Depositions have not yet been conducted.**

AS TO ALL OBJECTIONS:

*Piero Cozza (kw)*

Piero P. Cozza

# Ex. 2

Respectfully Submitted,

Piero P. Cozza (#0072419)
Dickie, McCamey & Chilcote, P.C.
401 Market Street, Suite 401
Steubenville, Ohio 43952
Telephone:  740-284-1682
Facsimile:  888-811-7144
pcozza@dmclaw.com

Kristin L. Wedell, Esq. (#0072500)
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, OH  44114
Telephone:  216-685-1827
Facsimile:  888-811-7144
kwedell@dmclaw.com

*Attorneys for Defendant*
*U.S. Well Services, LLC*

**Ex. 2**